■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD HOPPER, Also Known as JAMES HUNTLEY, Appellant. — Judgment, Supreme Court, Bronx County (Goldfluss, J.), rendered March 23, 1981 convicting defendant, upon his plea of guilty, of attempted murder in the second degree, robbery in the first degree (two counts), criminal use of a firearm in the first degree (two counts), and criminal possession of a weapon in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment of 10 to 20 years on the attempted murder, robbery and criminal use of firearms counts and 7½ to 15 years on the possession of a weapon count, unanimously modified, on the law, by reversing the sentence on the latter count, imposing sentence of 5 to 15 years thereon to run concurrently with the other sentences, and, except as thus modified, affirmed. As the People concede, with commendable candor, the 7½ to 15 years' sentence on the criminal possession of a weapon in the second degree, a class C violent felony offense, was an illegal sentence for this first felony offender since the minimum must be fixed at one third of the maximum. (See Penal Law, § 70.02, subd 4.) Since the court obviously intended to impose the maximum sentence on this count, we see no need to remand for resentence and modify accordingly to impose the proper minimum sentence. We have considered defendant's other arguments and find that they are without merit. Concur — Kupferman, J. P., Sullivan, Ross, Silverman and Alexander, JJ.

■ HERBERT R. LOUIS, Respondent, v JOSEPH P. DAY REALTY CORP., Appellant. — Order, Supreme Court, New York County (S. Levy, J.), entered on or about December 6, 1982, unanimously affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal. Concur — Kupferman, J. P., Sandler, Carro and Bloom, JJ.

Silverman, J., concurs in a memorandum as follows: I adhere to my views as stated in my opinion in *Shapiro v Dwelling Managers* (92 AD2d 52) as to the proper interpretation and effect of section 226-b of the Real Property Law. But in view of the division of opinion among the Judges of this court on that point, and the fact that the alternative is to have the apartment remain vacant at a financial loss either to the tenant or the landlord depending on the final judgment, I cannot disagree with Special Term's exercise of discretion in granting a *preliminary* mandatory injunction to permit occupancy at least until final judgment.